State Farm Mutual Automobile Ins. Co., as Subrogee of Ilya Yusupov, Respondent, 
against
Courier Car Rental, Inc., Defendant, and Henry W. Alphonso, Appellant.




White & Quinlan, LLP (Terrence M. Quinlan of counsel), for appellant.
Law Offices of Serpe, Andree & Kaufman (Jonathan H. Kaufman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered November 18, 2015. The order denied a motion by defendant Henry W. Alphonso for leave to amend his answer and, upon amendment, to dismiss the action.




ORDERED that the order is affirmed, without costs.
Plaintiff commenced this subrogation action in July of 2015 to recover payments that it had made to its insured, Ilya Yusupov, for property damage and the loss of the use of the subrogor's vehicle arising out of a motor vehicle accident which had occurred on July 7, 2014. In September of 2015, an answer was served on behalf of defendant Courier Car Rental (Courier)[FN1]
 and the driver, Henry W. Alphonso (defendant) by their insurance carrier, Travelers Property Casualty Company of America (Travelers). At the deposition of Yusupov, it was revealed that, on March 15, 2015, Yusopov had executed a general release in favor of Travelers, Courier and defendant, which released them from liability with respect to this action arising out of the underlying accident, in consideration of the sum of $25,000.

In August of 2016, defendant moved for leave to amend his answer to include an affirmative defense based upon the general release, and, upon granting leave, dismissing plaintiff's complaint on the ground that it cannot be maintained because of the general release executed by plaintiff's insured prior to the commencement of this action. Defense counsel claimed that defendant had not been made aware of plaintiff's subrogation rights before Yusupov had reached a settlement with defendant's insurer and signed the release. In opposition, plaintiff's counsel argued that plaintiff should not be barred from bringing this action for property damage [*2]and rental reimbursement because of a release in a personal injury action. Moreover, counsel noted, there was no affidavit from defendant with respect to his lack of knowledge of the subrogation claim, and Travelers had been well aware of plaintiff's subrogation claim as early as October 23, 2014. Plaintiff's counsel submitted an affidavit of its claims representative, averring that he had been in communication with Traveler's claims representative with respect to the subrogation claim as early as October 23, 2014, and again in early 2015.

It is well settled that once an insurer has paid a claim and the tortfeaser knows or should have known that a right to subrogation exists, the wrongdoer and the insured cannot agree to terminate the insurer's claim without its consent and such an agreement cannot be asserted as a defense to the insurer's cause of action (see Fasso v Doerr, 12 NY3d 80 [2009]). Here, the evidence reveals that defendant's counsel was fully aware of the pending claim for subrogation and, thus, there is no genuine issue of fact to support the defense which defendant sought to interpose in an amended answer. Thus, leave to amend the answer was properly denied.

Accordingly, the order is affirmed.

ELLIOT, J.P., WESTON and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 07, 2018



Footnotes

Footnote 1: The action against Courier was discontinued by stipulation.